UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED HOLDERS OF MASTR ASSET BACKED SECURITIES TRUST 2007-WMC1 MORTGAGE PASS-TRHOUGH CERTIFICATE SERIES 2007-WMC1,

Plaintiff,

-against-

**REPORT AND <u>RECOMMENDATION</u>**
CV 24-8264 (GRB)(AYS)

JUTANE SYLVESTRE; MORTGAGE ELECRONIC REGISTRATION SYSTEMS, INC.; WMC MORTGAGE CORP.; TOWN SUPERVISOR TOWN OF HUNTINGTON,

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.
---------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Gary R. Brown for Report and Recommendation, is the motion by Plaintiff U.S. Bank, National Association, as trustee for the registered holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-Through Certificate Series 2007-WMC1 ("Plaintiff"), for default judgment. (Docket Entry ("DE") [21].) By way of a Complaint filed on November 27, 2024, Plaintiff commenced this foreclosure action against Defendants Jutane Sylvestre, Mortgage Electronic Registration Systems, Inc., WMC Mortgage Corp., the Town Supervisor of the Town of Huntington and various John Does (collectively, "Defendants"), seeking to foreclose on a mortgage encumbering

the real property located at 11 Vilno Court, Huntington Station, New York (the "Property"). (Compl., DE [1].) On March 13, 2026, Plaintiff filed the within motion for default judgment, (DE [21]), which Judge Brown referred to this Court for a recommendation as to whether the motion should be granted and, if so, to determine the appropriate amount of damages, costs and fees, if any, to be awarded. (Elec. Order of Brown, J., dated March 16, 2026.) For the following reasons, this Court respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded damages as set forth herein.

## BACKGROUND

This is a diversity action to foreclose a mortgage loan. Plaintiff is a national banking association and a citizen of Ohio. (Compl. ¶ 2.) Defendant Jutane Sylvestre ("Sylvestre") is a citizen of New York. (Id. ¶ 3.) Defendant Mortgage Electronic Registration System, Inc. is a corporation with citizenship in Georgia and is the holder of a subordinate mortgage on the Property. (Id. ¶ 4.) Defendant WMC Mortgage Corp. is a corporation with citizenship in California and is also the holder of a subordinate mortgage on the Property. (Id. ¶ 5.) Defendant Town Supervisor of the Town of Huntington is a government agency formed under the laws of New York, with its principal place of business located in New York, and is also the holder of a subordinate mortgage on the Property. (Id. ¶ 6.) The John Doe Defendants are persons, parties, corporations or other entities, if any, who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Property. (Id. ¶ 7.)

On or about October 1, 2006, Sylvestre executed and delivered a note (the "Note") to WMC Mortgage Corp. in the principal amount of $356,000.00, secured by a mortgage (the "Mortgage") on the Property executed on the same date. (Id. ¶¶ 11; Lopez Decl., DE [21-4], ¶ 4;

Note, annexed to Compl. at Ex. C; Mortgage, annexed to Compl. at Ex. D.) The Mortgage was subsequently assigned to Plaintiff. (Compl. ¶ 11; Assignment of Mortgage, annexed to Compl. at Ex. E.) Sylvestre then modified the loan several times between February 2012 and August 2020. (Compl. ¶¶ 12-17; Lopez Decl. ¶¶ 7-12.) Sylvestre thereafter defaulted on the Mortgage by failing to make the payment due on July 1, 2023 and all payments thereafter. (Compl. ¶ 20; Lopez Decl. ¶ 13.)

The terms of the Note and Mortgage required Sylvestre to make monthly principal and interest payments in the amount of $2,499.54, beginning on December 1, 2006. (Note at 1.) If Sylvestre failed to make any monthly payment in full, he would be in default. (Id. at 3.) If Sylvestre did not cure the default after receiving proper notice, the Note and the Mortgage permitted Plaintiff to accelerate the loan and demand immediate payment in full of the outstanding principal and interest. (Id.) Failure to make immediate payment in full allows Plaintiff to commence legal action to extinguish Defendants' interest in the Property and to have the property sold. (Mortgage ¶ 22.)

Consistent with these terms, Plaintiff alleges that Sylvestre failed to make the required monthly payments beginning with the July 1, 2023 payment. (Compl. ¶ 20; Lopez Decl. ¶ 13.) Plaintiff complied with the notice requirements in the Mortgage and Section 1304 of the New York Real Property Actions and Proceedings Law ("RPAPL"). (Compl. ¶ 23; Lopez Decl. ¶ 19.) Sylvestre failed to cure his default. (Compl. ¶ 25.)

Plaintiff thereafter commenced the within action against Defendants on November 27, 2024, seeking a judgment of foreclosure and sale of the Property. None of the Defendants have answered the Complaint or otherwise appeared in this action and the Clerk of the Court entered a notation of default against all Defendants on February 11, 2025. (DE [15].)

On April 18, 2025, Plaintiff filed a motion for default judgment against all Defendants and judgment of foreclosure and sale of the Property. (DE [16].) That motion was referred to the undersigned on April 21, 2025. (Order of Brown, J., dated Apr. 21, 2025.) Before this Court could issue its report and recommendation, however, Plaintiff requested leave to withdraw its motion for default judgment in order to supplement its affirmation and memorandum of law in support thereof. (DE [18].) Judge Brown granted that request and the original motion for default judgment was withdrawn. (Order of Brown, J., dated September 22, 2025.)

On March 13, 2026, Plaintiff filed the within motion for default judgment against all Defendants and for a judgment of foreclosure and sale of the Property. (DE [21.) By its motion, Plaintiff seeks to recover a total of $413,868.02 in damages, which includes, after taking into account a credit of $778.07: (1) $383,796.03 in unpaid principal; (2) $10,503.07 in interest from June 1, 2023 to December 27, 2024, at a rate of 2.0% in effect at the time of default; (3) $76.26 in late charges; (4) $19,258.23 in tax and property insurance disbursements; and, (5) $1,012.50 in property inspections, appraisals, and title search costs. (Proposed Judgment, (DE [21-1].) Plaintiff also seeks attorney's fees in the amount of $6,800.00 and costs in the amount of $1,130.00. (Id.). Plaintiff further seeks entry of a Judgment of Foreclosure and Sale and appointment of a referee to effectuate the sale of the Property, pursuant to the terms of a proposed form of judgment. (Id.)

## DISCUSSION

### I. Legal Standard – Default Judgment

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See Fed. R. Civ. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d. Cir. 2011). Initially, the moving party must obtain a

certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. See id.

Where a default occurs, the well-pleaded factual allegations set forth in the Complaint are deemed to be true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, "[i]t is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." Allstate Ins. Co. v. Howell, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015). Accordingly, the district court must determine whether a plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

## II. Plaintiff is Entitled to a Default Judgment

Pursuant to New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's

default in payment on the loan [secured by the mortgage]." OneWest Bank, N.A. v. Hawkins, No. 14-cv-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. See BH99 Realty, LLC v. Li, No. 10-cv-693, 2011 WL 1841530, at *5 (E.D.N.Y. Mar. 6, 2011); see also U.S. v. Watts, No. 13-cv-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

Here, the allegations in the Complaint, as well as the documentary evidence submitted in support of Plaintiff's instant motion, establish that Plaintiff is entitled to a default judgment against all Defendants. Plaintiff has produced copies of the Mortgage and Note, thereby establishing Sylvestre's obligations arising thereunder. Plaintiff has also established that Sylvestre defaulted on July 1, 2023, failed to cure his default despite Plaintiff's proper demands for full payment of all outstanding principal and interest and, as of December 27, 2024, owed Plaintiff a total of $404,29.10 in outstanding principal and interest due on the Note. Because Defendants failed to answer the Complaint or oppose the within motion, they have failed to rebut Plaintiff's prima facie showing that it is entitled to a default judgment.

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be granted.

III. Damages

Once liability is established, the court must ascertain damages with "reasonable certainty." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155) (2d Cir. 1999). "While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citations omitted). Rather, damages must be proven, usually "in an evidentiary hearing in which the defendant has an opportunity to contest the amount" claimed. Id. An evidentiary hearing is not required, however, if there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d. Cir. 1997); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

Plaintiff seeks a total of $413,868.02 in damages, which includes, after taking into account a credit of $778.07: (1) $383,796.03 in unpaid principal; (2) $10,503.07 in interest from June 1, 2023 to December 27, 2024, at a rate of 2.0% in effect at the time of default; (3) $76.26 in late charges; (4) $19,258.23 in tax and property insurance disbursements; and, (5) $1,012.50 in property inspections, appraisals, and title search costs. (Proposed Judgment, (DE [21-1].) Plaintiff also seeks attorney's fees in the amount of $6,800.00 and costs in the amount of $1,130.00. (Id.). Plaintiff also seeks entry of a Judgment of Foreclosure and Sale permitting Plaintiff to foreclose upon and sell the Property at auction. (Id.)

A. The Outstanding Amount Due Under the Note

Plaintiff seeks to recover a total of $394,299.10 for the outstanding amount due under the Note, which is comprised of: (1) $383,796.03 in unpaid principal; and (2) $10,503.07

in interest, accrued at an annual rate of 2.0% from June 1, 2023 through December 27, 2024 (Proposed Judgment, DE [21-1].)

i. Principal

Pursuant to the terms of the Note, Sylvestre promised to pay Plaintiff a total of $356,000.00 in principal, plus interest. (Note at 1.) Plaintiff submitted documentation asserting that, after several loan modifications, at the time of the Sylvestre's default on July 1, 2023, the Note had an unpaid principal balance of $383,796.03. (Compl. ¶ 26; Lopez Decl. ¶ 21.) Plaintiff's allegations and documentation further establish that after Sylvestre's initial default, he did not make any further payments to reduce the outstanding principal balance. (Compl. ¶ 25; Lopez Decl. ¶ 13.)

Accordingly, this Court recommends that Plaintiff be awarded $383,796.03 in unpaid principal due and owing under the Note.

ii. Interest

As of the date of default, interest accrues on the outstanding principal balance at an interest rate of 2.0% per annum. (Lopez Decl. ¶ 13.) Plaintiff's allegations establish that Sylvestre's first missed payment occurred on July 1, 2023, which would have included interest accrued beginning on June 1, 2023. (Lopez Decl. ¶ 13.) Applying the 2.0% interest rate in effect at the time of default to the $383,796.03 in outstanding principal, interest accrues at rate of $21.03 per day.[1] Plaintiff requests $10,503.07 in interest from June 1, 2023 through December 27, 2024. As of the date of this Report and Recommendation, since December 27, 2024, Sylvestre has failed to pay an additional 636 days' worth of accrued interest.

---

[1] The daily rate is calculated by multiplying the unpaid principal balance by the annual interest rate divided by 365 days.

Accordingly, this Court recommends that Plaintiff be awarded the interest requested of $10,503.07 through December 27, 2024. The Court further recommends that Plaintiff be awarded $13,375.08 in unpaid interest through the date of this Report and Recommendation, for a total interest award thus far of $23,878.15. In addition, this Court recommends that Plaintiff be awarded $21.03 in per diem interest until the date on which judgment is entered. See Eastern Sav. Bank, FSB v. McLaughlin, No. 13-cv-1108, 2015 WL 5657355, at *55 (E.D.N.Y. Aug. 17, 2015) (recommending award of per diem interest in action for judgment of foreclosure and sale).

Additionally, this Court recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, or the calendar week preceding."); see also Schipani v.McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); Builders Bank v. Northern Funding, LLC, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

B. Other Costs

Plaintiff also seeks a total of $20,346.99. in other costs, which include: (1) $19,258.23 in taxes and property insurance disbursements; (2) $76.26 in late charges; and (3) $1,012.50 in property inspections, appraisals and title search disbursements. (Lopez Decl. ¶ 13.) Plaintiff has submitted a full transaction history of Sylvestre's mortgage account, showing periodic disbursements for the costs listed above. Therefore, Plaintiff has demonstrated a

"reasonable inference" evidencing the requested amounts. See Au Bon Pain Corp., 653 F.2d at 65.

Accordingly, this Court recommends that Plaintiff's request for damages relating to tax and property insurance disbursements, late charges, and property inspections, appraisals and title searches be granted in the amount of $20,346.99, minus a credit of $778.07, for a total award of $19,568.92.

IV. Attorney's Fees

Pursuant to Paragraph 22 of the Mortgage, Plaintiff is entitled to recover its reasonable attorney's fees incurred in connection with this action. (Mortgage ¶ 22.)

As a general matter when determining attorney's fees, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A., 559 U.S. 542, 551 (2010) (emphasis in original). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" Id. at 553 (citation omitted); see also Arbor Hill, 522 F.3d at 190-91 (holding that a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a

"reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney who worked on the action. See Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." Perdue, 559 U.S. at 552.

Here, Plaintiff seeks to recover $6,800.00 in attorney's fees and has submitted a Declaration of Services Rendered and contemporaneous billing records in support of its application. Plaintiff's counsel billed 25.50 hours to the within action by an associate with five years of experience, who typically bills at a rate of $295.00 per hour, which would amount to $7,522.50 in attorney's fees. (Decl. of Service Rendered, DE [21-23], ¶ 7.) However, counsel charged Plaintiff a flat rate of $6,800.00, which is what it seeks to recover from Defendants. (Id. ¶¶ 4-6.) The Court finds such fees reasonable and recommends that Plaintiff be awarded its requested attorney's fees of $6,800.00.

V. Costs

The Mortgage also allows for Plaintiff to recover its reasonable costs incurred in bringing this action. (Mortgage ¶ 22.) Here, Plaintiff seeks reimbursement of costs totaling $1,130.00. These costs are comprised of: (1) the court filing fee of $405.00; (2) the notice of pendency filing fee of $220.00; and, (3) $505.00 for service of process. (Bill of Costs, DE [21-21].)

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Serv. Ltd., No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting Pennacchio v. Powers, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, Plaintiff has submitted sufficient invoices, receipts, and other documentary proof of the costs and disbursements it seeks to recover. The Court finds the costs incurred by Plaintiff to be reasonable. Accordingly, this Court respectfully recommends that Plaintiff's request for costs and disbursements be granted in the amount sought of $1,130.00

VI. Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff further seeks a judgment of foreclosure and sale and appointment of a referee. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." OneWest Bank N.A. v. Cole, No. 14-cv-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment). Further, courts routinely appoint referees to effectuate the sale of foreclosed properties." See, e.g., PMP Tech. Servs., LLC v. Mazoureix, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of

foreclosure and sale under the supervision of a referee); Eastern Sav. Bank v. Evancie, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014) (same).

Having determined that Plaintiff has established its presumptive right to foreclose upon the Property due to Defendants' default, this Court recommends appointing a referee to effectuate the foreclosure and sale of the Property. This Court further recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. See OneWest Bank, N.A. v. Denham, No. cv 14-5529, 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note).

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded damages as follows: (1) $383,796.03 in unpaid principal under the Note; (2) $23,878.15in interest accrued through the date of this Report and Recommendation, with additional per diem interest to be calculated at a rate of $21.03 per day through the date that judgment is entered; (3) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961(a); and, (4) $19,568.92 in property insurance disbursements, late charges, and property inspections, appraisals and title searches disbursements. The Court further recommends that Plaintiff be awarded $6,800.00 in attorney's fees and $1,130.00 in costs and disbursements. Finally, the Court recommends that an Order similar to Plaintiff's proposed Judgement of Foreclosure and Sale, but consistent with the instant Report and Recommendation, be entered and that a referee be appointed to effectuate the sale of the Property.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es), and to file proof of service on ECF, by September 28, 2026. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
September 24, 20

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge